## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                        )
RAUL CARRANZA,                          )
                                        )
        Plaintiff,                      )
                                        )        Civil Action No.
        v.                              )        15-14020-FDS
                                        )
UNIQUE AUTO DETAIL LLC,                 )
HECTOR BACHEZ, and                      )
MIRNA SALGUERO,                         )
                                        )
        Defendants.                     )
_____)

### ORDER ON APPLICATION FOR ENTRY OF JUDGMENT

**SAYLOR, J.**

This is a wage and benefits dispute.  On November 1, 2016, the Court granted a motion

seeking a default judgment against defendants pursuant to Fed. R. Civ. P. 37(b)(2)(A) as a

discovery sanction.  Plaintiff now seeks entry of judgment in the amount of $62,284.75.

It appears that plaintiff seeks to recover double damages for unpaid wages pursuant to the

federal Fair Labor Standards Act and triple damages for the same unpaid wages pursuant to the

Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148.  In effect, plaintiff seeks to recover

his unpaid wages five times over.  Of course, "[r]ecovery of duplicative damages under multiple

counts of a complaint is not permissible." *Szalla v. Locke*, 421 Mass. 448, 453 (1995).  Plaintiff

may recover double damages as liquidated damages under the FLSA *or* treble damages as

liquidated damages under the Wage Act, Mass. Gen. Laws ch. 149, § 150—not both.

In addition, plaintiff seeks prejudgment interest as to his claims.  However, he cannot

recover both prejudgment interest and liquidated damages concerning his FLSA claim.  *See*

*Lupien v. City of Marlborough*, 387 F.3d 83, 90 (1st Cir. 2004).  It is also not clear whether prejudgment interest is available concerning his Massachusetts Wage Act claim.  In 2015, the First Circuit certified that question to the Massachusetts Supreme Judicial Court.  *See Travers v. Flight Servs. & Sys., Inc.*, 808 F.3d 525, 551 (1st Cir. 2015).  However, that case settled before the SJC was able to issue a response.  *See Segal v. Johnson*, 2016 WL 4161527, at *1 (Mass. Super. July 6, 2016).  One Massachusetts Superior Court has since held that prejudgment interest is available only as to the actual amount of lost wages, rather than treble that amount.  *See id.* at 3.  It is therefore not clear whether prejudgment interest is available on the Wage Act claim, and if it is, in what amount.

Finally, plaintiff seeks $5,000 in damages for harms arising out of his retaliation claim pursuant to Mass. Gen. Laws ch. 149, § 148A, trebled for a total of $15,000.  It appears that claim alleges damages separate and apart from unpaid wages.  Pursuant to Fed. R. Civ. P. 55(b)(1), if a defaulted claim is for a "sum certain" or "a sum that can be made certain by computation" then "no evidentiary hearing on damages is necessary."  *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003) (quoting *Farm Family Mut. Ins. Co. v. Thorn Lumber Co.,* 202 W.Va. 69, 73 (1998)).  In all other cases, a hearing must be held.  *See id.* at 21.  Plaintiff is directed to re-file his application for entry of judgment clarifying whether he seeks damages for retaliation separate from lost wages such that a hearing would be required under Fed. R. Civ. P. 55(b)(2).

For the foregoing reasons, the motion for entry of judgment is DENIED without prejudice to its renewal.

**So Ordered.**

/s/  F. Dennis Saylor
F. Dennis Saylor IV
Dated: June 13, 2017                    United States District Judge